[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-13139
Non-Argument Calendar
_____

D.C. Docket No. 2:04-cr-00104-VMC-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LISA HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 4, 2013)

Before TJOFLAT, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Lisa Harris appeals the district court's denial of her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). She contends that Amendment 750 to the Sentencing Guidelines authorized the court to reduce her sentence, despite her

status as a career offender, because a downward departure led to her receiving a sentence below her career offender guideline range. She also argues that her sentence was based at least in part on her crack cocaine guideline range because that guideline is the "starting point" for all crack cocaine offenses. After review, we affirm.

## I.

Ms. Harris pled guilty to possession with the intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and to conspiracy to possess with the intent to distribute five grams or more of crack cocaine, in violation of 18 U.S.C. § 2. Because she had two prior felony convictions, the district court sentenced Ms. Harris as a career offender. The court therefore used United States Sentencing Guidelines § 4B1.1 instead of § 2D1.1 to determine her offense level and criminal history category, which (after an acceptance of responsibility reduction) were 34 and VI, respectively. *See* U.S.S.G. § 4B1.1. Because her criminal history category overrepresented the seriousness of her past criminal conduct, the court departed downward to category V. *See* U.S.S.G. § 4A1.3. Ms. Harris' resulting guideline range was 235 to 293 months, and the court sentenced her to 235 months, the low end of that range.

Ms. Harris then filed a *pro se* §3582(c)(2) motion based on Amendment 706. The district court denied that motion, concluding that it lacked authority to reduce

Ms. Harris' sentence because her sentence was based on the career offender guideline and not on the crack cocaine guideline. Ms. Harris later filed a second § 3582(c)(2) motion, this time based on Amendment 750. The district court denied that motion on the same grounds, and Ms. Harris appealed that denial to us.

## II.

We review *de novo* a district court's conclusions about the scope of its authority under § 3582(c)(2). *See United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Where a retroactively applicable guideline amendment does not alter the sentencing range upon which a defendant's sentence was based, § 3582(c)(2) does not authorize a sentence reduction. *See id.* at 1330. Amendment 750, which lowered the crack cocaine base offense levels in § 2D1.1, did nothing to the career offender base offense levels in § 4B1.1. Because Ms. Harris was sentenced under § 4B1.1 and not § 2D1.1, then, Amendment 750 did not alter the range upon which her sentence was based. *See id.* Under our decision in *Moore*, that should be the end of the story.

But Ms. Harris invites us to add another chapter: she contends that the Supreme Court's decision in *Freeman v. United States*, 564 U.S. ___, 131 S. Ct. 2685 (2011), undermined our *Moore* decision to the point of abrogation. Unfortunately for Ms. Harris, however, we have already rejected that argument in *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012). Although she

acknowledges that fact, Ms. Harris argues that *Lawson* is distinguishable from her case because, unlike the *Lawson* defendant, she was not sentenced within the career offender guideline range. Instead, because the sentencing judge granted her a downward departure under § 4A1.3 and reduced her criminal history category from VI to V, the sentence she ultimately received was below her career offender guideline range.

While this fact does differentiate Ms. Harris from the defendant in *Lawson*, it makes her similar to two of the defendants in *Moore*. In *Moore*, two defendants received sentences below their career offender guideline ranges because of downward departures. Despite that fact, we held that neither defendant was eligible for a § 3582(c)(2) reduction because each had been sentenced as a career offender. *See* 541 F.3d at 1330. So, like Ms. Harris' abrogation argument, we have already rejected this argument as well. And like the two *Moore* defendants, Ms. Harris (even with her downward departure) was still sentenced based on her career offender guideline range. That means she is not eligible for a sentence reduction under § 3582(c)(2). *See, e.g.*, U.S.S.G. § 1B1.10 cmt. n.1 (clarifying that the applicable guideline range evaluated when assessing eligibility for a sentence reduction is the one "determined before consideration of any departure provision").

Ms. Harris' final argument—that her sentence was in part "based on" the crack cocaine guideline range because that guideline is the "starting point for

4

sentencing in all crack cases"—does not make her eligible for a § 3582(c)(2) reduction. As we have recognized, "[a]ny reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *See United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) (quoting § 3582(c)(2)). Here, the applicable policy statement requires that an amendment "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

When the district court determined that the career offender guideline applied to Ms. Harris, the court replaced her original sentencing guideline range (the crack cocaine guideline range in § 2D1.1) with the one contained in § 4B1.1(b). That became her applicable guideline range, and that range was not affected by Amendment 750. *Cf. United States v. Williams*, 549 F.3d 1337, 1342 (11th Cir. 2008) (finding, based on policy statements, defendant ineligible for § 3852(c)(2) reduction because he "was subject to a statutory mandatory minimum that replaced his original sentencing guideline range" and "was not sentenced according to the base offense level in § 2D1.1"). Ms. Harris was therefore ineligible for a sentence reduction, and the district court did not err in denying her § 3582(c)(2) motion.

## III.

The district court's denial of Ms. Harris' motion for a sentence reduction under § 3582(c)(2) is affirmed.

**AFFIRMED.**

5